48

**ORIGINAL**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

IN THE MATTER OF

THE EXTRADITION OF

JEVON ANTOINE SCOTT

06-50595
Judge Steeh

VIOLATION: 18 U.S.C. §3184

FILED
JUN 6 - 2006
CLERK'S OFFICE
DETROIT

## COMPLAINT

I, MATTHEW J. SCHNEIDER, an Assistant United States Attorney in the Eastern District of Michigan, being duly sworn, state on information and belief that the following is true and correct:

1. In this matter, I act for and on behalf of the Government of Canada.

2. There is a treaty of extradition in force between the United States of America and Canada, signed December 3, 1971 and entered into force on March 22, 1976. The treaty was amended by a Protocol signed on January 11, 1988, which was entered into force on November 26, 1991.

3. Pursuant to the treaty, Canada has submitted a formal request through diplomatic channels for the arrest and extradition of JEVON ANTOINE SCOTT. Such request is attached to this Complaint as Exhibit A.

4. JEVON ANTOINE SCOTT, a United States citizen, has been charged with the crime of sexual assault, in violation of Section 271 of the Criminal Code of Canada, and the crime of failure to appear in court, in violation of Section 145(2)(b) of the Criminal Code of Canada.

5. JEVON ANTOINE SCOTT is the subject of an arrest warrant on the charge of sexual assault, issued by Justice of the Peace R. Abbey on October 21, 2002. SCOTT is also the subject of an arrest warrant on the charge of failure to appear in court, issued by Justice of the Peace Susan Hoffman on February 28, 2006. The crimes with which SCOTT has been charged are covered by Article 2 of the Extradition Treaty between the United States and Canada, as replaced by Article 1 of the 1988 Protocol. Such Article provides that extradition shall be granted for conduct which constitutes an offense punishable by both the laws of Canada and the United States by imprisonment for a term exceeding one year. The crimes of sexual assault and failure to appear in court are offenses punishable by both the laws of Canada and the United States by imprisonment for a term exceeding one year.

6. The arrests warrant were issued on the basis of, among other facts, the following facts as are recited in greater detail in Exhibit A hereto:

On May 13, 2000, Katrina Simonato met two males whom she knew only as Leroy and Jervon at Boomers Bar, located at 461 Wyandotte Street East, in Windsor, Ontario, Canada. As the bar began to close, Leroy and Jervon offered to give Ms. Simonato a ride home, and she accepted their offer. When they arrived at her residence, located at 2615 Lauzon Road, Unit 6, in Windsor, Ontario, Jervon asked to use her bathroom. Both men then entered her residence, and Ms. Simonato walked upstairs with Jervon to direct him to the bathroom.

Once they were upstairs, Jervon began to push Ms. Simonato into her bedroom, and despite her resistance, he began kissing her and removing her clothing. Ms. Simonato began to feel intimidated, so she removed her pants and underwear. Jervon then pushed Ms. Simonato onto the bed and began to have vaginal intercourse with her. While having intercourse, Jervon called for Leroy to come upstairs, and when he entered the bedroom, Leroy was naked.

Jervon stopped having intercourse with Ms. Simonato, and held her arms while Leroy had vaginal intercourse with her. Ms. Simonato told Leroy to stop because he was hurting her, but Leroy refused to stop, and then ejaculated on her face and shoulder. Jervon then turned her over and had vaginal intercourse with her from behind. While engaged in intercourse, Jervon put his arm around her neck, and Ms. Simonato began to have trouble breathing. Then, Jervon placed his finger in Ms. Simonato's anus, and she again asked him to stop. Jervon refused to stop, and while Jervon was having intercourse with her, Leroy forced Ms. Simonato to give him fellatio, until she clamped down on his penis with her mouth. Jervon then stopped having intercourse with Ms. Simonato, and Leroy began to have vaginal intercourse with her again. Jervon then forced her to masturbate him to ejaculation. Leroy then finished having intercourse with Ms. Simonato and ejaculated on her stomach.

At around 5:00 A.M., the two men left her residence. Following the assault, Ms. Simonato went to a doctor for an examination, and the doctor noted that her cervix was bruised and cut. Later, Ms. Simonato viewed a photographic line-up and picked out a photograph of JEVON ANTOINE SCOTT as the person she knew as Jervon, one of the men who had assaulted her that evening.

On April 26, 2001, JEVON ANTOINE SCOTT attempted to enter Canada from the United States via the Ambassador Bridge, and he was arrested by Canadian Customs Officer Ray Milne, who turned SCOTT over to the Windsor Police. On April 27, 2002, the Ontario Court of Justice released SCOTT under bail arrangements that permitted him to reside at his home residence at 19965 Cooley Street, in Detroit, Michigan. On December 7, 2001, SCOTT voluntarily provided a blood sample to the Windsor Police, and the Centre of Forensic Sciences later determined that

SCOTT's DNA matched the DNA found in Ms. Simonato's residence following the sexual assault.

On April 17, 2002, the Ontario Court of Justice committed SCOTT to stand trial for sexual assault. On October 21, 2002, SCOTT failed to attend court as required by his Recognizance of Bail.

7. JEVON ANTOINE SCOTT is believed to be currently residing at 19965 Cooley Street, in Detroit, Michigan.

8. JEVON ANTOINE SCOTT is a United States citizen, born on February 9, 1973, in Detroit, Michigan. His photograph and fingerprints are contained in Exhibit A hereto.

9. Jacob K. Cogan, Attorney-Adviser at the United States Department of State, has provided the Department of Justice with a declaration authenticating a copy of the diplomatic note by which the request for extradition was made and a copy of the extradition treaty between the United States and Canada, and the offenses for which extradition is demanded are covered by the treaty, and confirming that the documents supporting the request for extradition are properly certified by the principal American diplomatic or consular officer in Canada, in accordance with Title 18, United States Code, Section 3190, so as to enable them to be received in evidence.

WHEREFORE, your complainant requests that a warrant be issued, pursuant to Title 18, United States Code, Section 3184, for the arrest of JEVON ANTOINE SCOTT; that JEVON ANTOINE SCOTT be brought before this Court and the evidence of criminality heard; that if on such hearing, this Court deems the evidence sufficient under the provisions of the treaty to sustain the charge, the Court certify the same to the Secretary of State in order that a warrant may issue for the surrender of said JEVON ANTOINE SCOTT to Canada, according to the

stipulations of the treaty; and for such other actions as this Court is required to take under the provisions of the treaty and the laws of the United States.

Respectfully submitted,

STEPHEN J. MURPHY
United States Attorney

MATTHEW J. SCHNEIDER
Assistant United States Attorney
United States Department of Justice
211 West Fort Street
Detroit, MI 48226
Matthew.schneider3@usdoj.gov
(313) 226-9188

Sworn to before me this 6th day of June, 2006 at Detroit, Michigan. Accordingly, IT IS HEREBY ORDERED that a warrant for the arrest of JAVON ANTOINE SCOTT shall issue.

**IT IS SO ORDERED.**

HONORABLE R. STEVEN WHALEN
United States Magistrate Judge

Entered: 6-6-06

SUMMARY SHEET

1. Request by Country CANADA per: Cathy Chalifour tel: 613-941-5695

GOVERNMENT'S EXHIBIT A

2. Date: May 12, 2006

3. Subject:
(a) Name: Jevon Antoine SCOTT

(b) Date & Place of birth: February 9, 1973 in Detroit, Michigan

(c) Citizenship: American

(d) Description: Weight: 82 Height: 180 Hair: Black
Eyes: Brown

PHOTOGRAPH AND FINGERPRINTS OF THE PERSON SOUGHT ARE APPENDED TO THE DOCUMENTS SUBMITTED IN SUPPORT OF THE EXTRADITION REQUEST

4. Alleged Offence(s):

Jevon Antoine Scott, on or about the 14th day of May, in the year 2000, at the City of Windsor, in the said Region, did sexually assault Katrina Simonato, contrary to section 271 of the *Criminal Code* of Canada; and

And further that Jevon Antoine Scott on or about the 21st day of October in the year 2002 at the City of Windsor in the said region did, having appeared before a court, fail, without lawful excuse, to attend court as thereafter required, contrary to section 145(2)(b) of the *Criminal Code* of Canada.

4.1 *Information charging Scott with sexual assault:*

Sworn in on April 24, 2001, by Detective Timothy Talbot, Windsor Police Service.

*Information charging Scott with failure to appear in court:*

Sworn in on February 28, 2006, by Timothy Talbot, Windsor Police Service.

*Warrant for arrest for sexual assault:*

Issued on October 21, 2002, by Justice of the Peace R. Abbey

*Warrant for arrest for failure to appear in court:*

Issued on February, 28, 2006, by Justice of the Peace S. Hoffman

5. Particulars of Offence(s):

There is no statute of limitations in respect of the offences for which the person sought stands charged. The mandatory punishment for sexual assault is ten years imprisonment. The mandatory punishment for failure to appear in court is two years

6. Present Location of Accused:

19965 Cooley Street, Detroit, Michigan. Phone: 313-535-5459.
He drives a 1993 Buick, licence plate ZXZ482.

7. Prosecuting Attorney Name & Phone Number:

Deborah Krick, Crown Attorney
Ministry of the Attorney General for the Province of Ontario
Phone: (416) 326-2053

8. Investigating Officer Name & Phone Number:

Detective Laurel Boots
Windsor Police Service

Embassy of the United States of America

## [illegible]rtificate to be Attached to Documentary Evidence Accompanying Requisitions in the United States for Extradition

## AMERICAN FOREIGN SERVICE

Ottawa, Canada, May 11, 2006
(Place and date)

I, Keith [illegible] II, Consul General of the United States of America at Ottawa, Canad[illegible] certify that the annexed papers, being supporting documentation proposed to be [illegible]on an application for the extradition from the United States of Jevon Antoine Scott, charged [illegible] count of sexual assault and one count of failure to appear in court, alleged to have been com[illegible] the Province of Ontario, are properly and legally authenticated so as to entitle them to be rec[illegible]vidence for similar purposes by the tribunals of Canada, as required by the Act of Congress of [illegible], 1882.

In witn[illegible]of I hereunto sign my name and cause my seal of office to be affixed this 11[illegible]May, 2006.

Keith Powell, II
Consul General of the
United States of America

Form 36- Foreign Service

Department of Justice Canada | Ministère de la Justice Canada

Ottawa, Canada
K1A 0H8

# CERTIFICATE OF AUTHENTICATION

IN THE MATTER OF the extradition of *Jevon Antoine Scott* from the United States of America to Canada on one count of sexual assault and one count of failure to appear in court.

I, Claude LeFrançois, Senior Counsel, International Assistance Group, Department of Justice of Canada, do hereby certify:

THAT attached to this Certificate is authenticated documentation presented by Canada in support of the extradition of *Jevon Antoine Scott* who is wanted to stand trial on one count of sexual assault and one count of failure to appear in court, all contrary to the *Criminal Code* of Canada.

THAT the documentation attached to this certificate is composed of:

- the original Affidavit of law of DEBORAH KRICK, Crown Prosecutor, Ministry of the Attorney General for the Province of Ontario;

- the original Affidavit of fact of LAUREL BOOTS, Detective, Windsor Police Service, to which is attached:

    - as Exhibit A, a certified true copy of the Information charging Scott with sexual assault;

    - as Exhibit B, a certified true copy of the Information charging Scott with failure to appear in court;

- as Exhibit C, a certified true copy of the warrant for arrest for sexual assault; and

- as Exhibit G, a certified true copy of the warrant for arrest for failure to appear in court.

THAT K. Katzsch, whose original signature appears at the end of the Affidavit of DEBORAH KRICK, is a Barrister & Solicitor and a Commissioner of Oaths in and for the Province of Ontario, having been duly commissioned and duly authorized by the laws thereof to administer oaths and to take affidavits within the said Province.

THAT Debra Lynn Koersvelt, whose original signature appears at the end of the Affidavit and on the exhibits to the affidavit of LAUREL BOOTS, is a Commissioner of Oath in and for the County of Essex, for Windsor Police Service, having been duly commissioned and duly authorized by the laws thereof to administer oaths and to take affidavits.

THAT Janice Little, who certified the copy of the Information charging Scott with sexual assault, is a clerk of the Ontario Court of Justice, in and for the Province of Ontario, having been duly appointed to that office, and as such is empowered to certify such documents of the said court.

THAT Corine Pope, who certified the copy of the Information charging Scott with failure to appear in court, is a clerk of the Ontario Court of Justice, in and for the Province of Ontario, having been duly appointed to that office, and as such is empowered to certify such documents of the said court.

THAT Bonnie Durocher, who certified the copy of the warrant for arrest for sexual assault, is a clerk of the Ontario Court of Justice, in and for the Province of Ontario, having been duly appointed to that office, and as such is empowered to certify such documents of the said court.

THAT Mary Teresa Edmondson, who certified the copy of the warrant for arrest for failure to appear in court, is a clerk of the Ontario Court of Justice, in and for the Province of Ontario, having been duly appointed to that office, and as such is empowered to certify such documents of the said court.

The Seal of the Minister of Justice of Canada is hereby affixed this 10th day of May, 2006.

Claude LeFrançois

Claude LeFrançois

| | | |
|---|---|---|
| CANADA | ) | HER MAJESTY THE QUEEN |
| PROVINCE OF ONTARIO | ) | v. |
| TORONTO REGION | ) | JEVON ANTOINE SCOTT |

IN THE MATTER of a request by Canada for the extradition of Jevon Antoine Scott from the United States of America with respect to offences under the *Criminal Code* of Canada.

## AFFIDAVIT OF DEBORAH KRICK

I, Deborah Krick, of the City of Toronto in the Region of Toronto in the Province of Ontario, Canada, a lawyer in the Ministry of the Attorney General for the Province of Ontario, **MAKE OATH AND SAY AS FOLLOWS:**

### A. OVERVIEW OF THIS EXTRADITION REQUEST

1. Canada is seeking the extradition of Jevon Antoine Scott in order that Mr. Scott may face charges that have been laid against him in Ontario, Canada under the *Criminal Code* of Canada. The outstanding charges against Mr. Scott are one count of sexual assault and one count of failure to appear in court.

2. The peace officer in charge of Mr. Scott's case is Detective Laurel Boots of the Windsor Police. Her affidavit accompanies this request. Attached to Detective Boots' affidavit is a certified true copy of the Informations charging Jevon Scott with sexual assault and failure to appear in court, a certified copy of the Recognizance on which Mr. Scott was released after he is first appearance and a certified copy of the Warrants for Arrest which

were validly issued and remain in force in Canada. Detective Boots has also provided information identifying Jevon Antoine Scott, including a photograph and fingerprints.

3. I have carefully reviewed Detective Boots' affidavit and all of the attached exhibits. I verily believe that Jevon Antoine Scott is charged with one count of sexual assault, alleged to have occurred in Windsor, Ontario on May 14, 2000 and one count of failure to appear in court, alleged to have occurred on October 21, 2002.

## B. QUALIFICATIONS

4. I am a citizen of Canada. I reside in the City of Toronto in the Province of Ontario. In July of 2004, I was called to the Bar of the Province of Ontario and was enrolled as a solicitor of the Court of Appeal for Ontario. From that time until the present time I have been, and continue to be, a member in good standing of the Law Society of Upper Canada, and, as such, I have been, and continue to be, entitled to practice law as a barrister and solicitor in the Province of Ontario. From July of 2004 until the present time, I have practised law, and continue to practice law, in the employment of the Ministry of the Attorney General for the Province of Ontario. During that period I have held, and continue to hold, the position of Counsel with the Crown Law Office -Criminal of the Ministry of the Attorney General for the Province of Ontario, at the Ministry's offices, which are presently located at 720 Bay Street, Toronto, Ontario, Canada.

5. The Crown Law Office -Criminal is a branch of the Criminal Law Division of the Ministry of the Attorney General for the Province of Ontario. At present the Crown Law Office -Criminal is comprised of approximately 65 lawyers, each of whom specialize in criminal law. The main responsibility of the Crown Law Office -Criminal involves the representation of the Crown in all criminal appeals in indictable matters arising in Ontario. Such appeals are heard by the Court of Appeal for the Province of Ontario and, in certain

cases, by the Supreme Court of Canada. The Crown Law Office -Criminal also prosecutes serious crimes involving such matters as complex fraud, corruption, organized crime, and offences against the administration of justice. The Crown Law Office -Criminal is also responsible for various other activities, which include, in particular, the preparation of applications for the extradition or the rendition from foreign jurisdictions to Canada of persons who have been charged with the commission of criminal offences in Ontario.

6. From July of 2004 until the present time, in my capacity as Counsel in the Crown Law Office -Criminal I have represented the Crown in criminal matters before the Superior Court of Justice, before the Court of Appeal in Ontario and before the Supreme Court of Canada. I have carriage of applications under the Mutual Legal Assistance in Criminal Matters Act involving Canada and the United States. I also am currently seeking the extradition of a fugitive from the United States of America in another matter. Through my training and experience, I am familiar with criminal law and procedure of Canada.

## C. STATEMENT OF PARTICULARS

### i) Warrants of Arrest

7. Under Canadian law, a person is formally charged with a crime when an Information is sworn before a justice (i.e. a Justice of the Ontario Court of Justice or a Justice of the Peace). The charge is formally instituted when an informant, usually a peace officer, swears under oath that he or she has reasonable and probable grounds to believe that an accused has committed the offence(s) detailed in the Information.

8. Canada seeks the extradition of Jevon Antoine Scott on the charge of sexual assault, contrary to the *Criminal Code* of Canada, as set out in the Information sworn on April 24, 2001 by Detective Timothy Talbot of the Windsor Police Service. The Honourable Justice

Abbey issued an Arrest Warrant on this charge on October 21, 2002. The Warrant is of full force and effect in Canada. Certified copies of the Information and Warrant for Arrest are attached as Exhibits A and C, respectively, to the affidavit of Detective Laurel Boots.

9. Canada is also seeking the extradition of Jevon Antoine Scott on the charge of failing to appear in court, contrary to the *Criminal Code*, as set out in the Information sworn February 28, 2006 by Detective Timothy Talbot of the Windsor Police Service before Justice of the Peace Susan Hoffman. Justice of the Peace Susan Hoffman issued an Arrest Warrant on this charge on February 28, 2006. That Warrant is of full force and effect in Canada. Certified copies of this Information and Warrant for Arrest are attached as Exhibits B and G, respectively, to the affidavit of Detective Laurel Boots.

**ii) Description of the Accused**

10 Jevon Antoine Scott was born on February 9, 1973 in Detroit, Michigan. A photograph of Jevon Scott, a copy of his fingerprint form and additional particulars of his appearance are found in the affidavit of Laurel Boots and the attached exhibits.

**D. *CRIMINAL CODE* PROVISIONS**

11. The *Criminal Code* of Canada, Revised Statutes of Canada, 1985, chapter C-46, as amended, is a statute duly enacted by the Parliament of Canada containing the law relating to criminal offences and criminal procedure for the whole of Canada and every province thereof, including the Province of Ontario. The *Criminal Code* of Canada was in force at the time of the commission of the alleged offences in the within case, and continues to be in force at the present time.

12. Under Canadian law, criminal offences are divided into three categories:

i) indictable offences;

ii) summary conviction offences;

iii) offences that are, at the election of the prosecution, either indictable or summary conviction.

Canadian law has abolished the common law division of offences into felonies and misdemeanours. However, indictable offences are roughly equivalent to felonies and summary conviction offences are roughly equivalent to misdemeanours. Generally speaking, indictable offences are the most serious offences carrying the most severe penalties; summary conviction offences are generally less serious offences and carry less severe penalties.

13. The offence of sexual assault is, at the election of the prosecutor, either indictable or summary conviction. The Crown elected to proceed by indictment on the charge against Mr. Scott. Mr. Scott proceeded to a preliminary hearing before the Ontario Court of Justice. A preliminary hearing is a proceeding whereby the Crown must satisfy a justice that there is sufficient evidence to put the accused to trial. Therefore, the Crown must present enough evidence to establish a *prima facie* case. Mr. Scott was committed to stand trial on one count of sexual assault. A copy of the Indictment filed in the Superior Court of Justice is attached to the affidavit of Laurel Boots as Exhibit F.

14. The *Criminal Code* contains provisions that codify the offence of sexual assault. Those provisions as they existed during the time-frame of the alleged offences, duly enacted and proclaimed into force, and as would be applicable in the event of a trial in the within case, are set out below.

i) **Sexual Assault**

15. Section 271 of the *Criminal Code* sets out the offence of sexual assault in the following terms:

> 271. (1) Every one who commits a sexual assault is guilty of
> (a) an indictable offence and is liable to imprisonment for a term not exceeding ten years; or
> (b) an offence punishable on summary conviction and liable to imprisonment for a term not exceeding eighteen months.

16. In Mr. Scott's case, the Crown will be proceeding by indictment. Therefore, Mr. Scott is liable for a maximum term of imprisonment of ten years.

17. Sexual assault is an assault under s. 265(1) of the *Criminal Code* committed in circumstances of a sexual nature. Section 265 reads:

> 265. (1) A person commits an assault when
>
> (a) without the consent of another person, he applies force intentionally to that other person, directly or indirectly;
>
> (b) he attempts or threatens, by an act or a gesture, to apply force to another person, if he has, or causes that other person to believe on reasonable grounds that he has, present ability to effect his purpose; or
>
> (c) while openly wearing or carrying a weapon or an imitation thereof, he accosts or impedes another person or begs.
>
> (2) This section applies to all forms of assault, including sexual assault, sexual assault with a weapon, threats to a third party or causing bodily harm and aggravated sexual assault.

18. The *Criminal Code* also contains a definition of consent for the offence of sexual assault which would be applicable at Mr. Scott's trial. Section 273.1 of the *Code* defines consent as follows:

> 273.1 (1) Subject to subsection (2) and subsection 265(3), "consent" means, for the purposes of sections 271, 272 and 273, the voluntary agreement of the complainant to engage in the sexual activity in question.

Where no consent obtained

(2) No consent is obtained, for the purposes of sections 271, 272 and 273, where

(a) the agreement is expressed by the words or conduct of a person other than the complainant;

(b) the complainant is incapable of consenting to the activity;

(c) the accused induces the complainant to engage in the activity by abusing a position of trust, power or authority;

(d) the complainant expresses, by words or conduct, a lack of agreement to engage in the activity; or

(e) the complainant, having consented to engage in sexual activity, expresses, by words or conduct, a lack of agreement to continue to engage in the activity.

ii) **Failure to Appear in Court**

19. The offence of failing to appear in court is set out in s.145 of the *Criminal Code*. Section 145 deals with a number of breaches of custodial or other court orders. The subsection under which Mr. Scott is charged is 145(2)(b):

**145.** ...

((2) Every one who

(a) being at large on his undertaking or recognizance given to or entered into before a justice or judge, fails, without lawful excuse, the proof of which lies on him, to attend court in accordance with the undertaking or recognizance, or
(b) having appeared before a court, justice or judge, fails, without lawful excuse, the proof of which lies on him, to attend court as thereafter required by the court, justice or judge,

or to surrender himself in accordance with an order of the court,

justice or judge, as the case may be, is guilty of an indictable offence and liable to imprisonment for a term not exceeding two years or is guilty of an offence punishable on summary conviction.

20. The Crown has elected to proceed by indictment for this charge. Therefore, Mr. Scott is liable for a term of imprisonment of two years.

E. NO LIMITATION PERIOD IN THIS CASE

21. In Canada, there is no statutory limitation period of general application in respect of indictable offences. Apart from certain particular statutory time limitations relating to specific indictable offences, the common law rule, *nullum tempus occurrit regi*, still applies to indictable offences. Therefore, in the absence of a specific statutory provision to the contrary, the initiation of a prosecution of an indictable offence is not barred by the passage of any period of time.

22. There is no statutory enactment which prescribes the time within which a prosecution must be instituted for either the offence of sexual assault under s.271 or the offence of failure to appear in court under s. 145. Therefore, there is no limitation as to the time period within which a prosecution may be commenced for the offences for which Jevon Antoine Scott stands charged in this case.

F. OPINION

23. In Canada, in order to find an accused guilty of an offence contrary to the *Criminal Code*, the trier of fact must be satisfied that the guilt of the accused has been established beyond a reasonable doubt.

24. I have carefully reviewed the affidavit of Detective Laurel Boots and the accompanying exhibits.

25. I attest that the evidence disclosed in the affidavit of Detective Laurel Boots establishes a *prima facie* case that Jevon Antoine Scott is guilty of sexual assault and failure to appear in court. That is to say, a reasonable jury, properly instructed in the law could, on that evidence, find beyond a reasonable doubt that Jevon Antoine Scott is guilty of these offences. I am also of the opinion that these offences are properly triable in the Province of Ontario, and that the criminal courts in the Province of Ontario have jurisdiction to try Jevon Antoine Scott for these offences.

26. I am of the opinion that the offences with which Jevon Antoine Scott has been charged are not of a political character. I am also of the opinion that the charges have not been laid against Jevon Antoine Scott for the purpose of prosecuting him on account of his race, nationality, religion or political opinion, and that, if returned to Canada, he will not be prejudiced by reason of his race, nationality, religion or political opinion.

27. This affidavit is made in good faith in support of a request by Canada for the extradition of Jevon Antoine Scott with respect to the aforementioned criminal offences, and for no improper purpose.

SWORN BEFORE ME at the City of Toronto in the Toronto Region in the Province of Ontario, Canada, this 19 day of April, 2006.

Deborah Krick

Deborah Krick

Barrister & Solicitor
& Commissioner of Oaths

*Please print name:*
K. Kotesch

HER MAJESTY THE QUEEN

v.

JEVON SCOTT

IN THE MATTER of a request by Canada for the extradition of JEVON SCOTT from the United States of America on charges of sexual assault and fail to appear in court.

---

AFFIDAVIT OF LAUREL BOOTS

---

| | | |
|---|---|---|
| CANADA | ) | HER MAJESTY THE QUEEN |
| PROVINCE OF ONTARIO | ) | v. |
| SOUTHWEST REGION | ) | JEVON SCOTT |

IN THE MATTER of a request by Canada for the extradition of JEVON SCOTT from the United States of America on charges of sexual assault and fail to appear in court.

# AFFIDAVIT OF LAUREL BOOTS

I, Laurel BOOTS, of the City of Windsor in the Southwest Region, in the Province of Ontario, Canada, a Police Officer, MAKE OATH AND SAY AS FOLLOWS:

## A. INTRODUCTION

1. I am a member of the Windsor Police Service in Ontario, Canada and have been so employed since December of 1980. I presently hold the rank of Detective, and am assigned to the Financial Crimes Branch. I previously worked in the Special Services Branch as part of the Sexual Assault Squad for nine years, as well as many years as a patrol officer. I am the chief investigating officer in the case of *R. v. Scott*, and, as such, I have knowledge of the matters contained in this my affidavit.

2. As a result of my position as the officer in charge on this file, I verily believe that the following facts are an outline of the offences in this matter. In May of 2000, Scott was charged

with sexual assault. He was committed to stand trial following a preliminary hearing on April 17, 2002. The trial was set to proceed with jury selection on October 21, 2002. Scott did not appear in court on this day and as a result, he was charged with failure to attend court. Information from the Detroit Police Service has confirmed that Scott is currently living in Detroit, Michigan.

## B. CRIMINAL CHARGES FOR WHICH CANADA SEEKS EXTRADITION

3. Canada seeks the surrender of Jevon Scott on the following charges:

i) On an Information dated April 24, 2001:

(a) Jevon Scott on May 14th, in the year 2000, at the Municipality of Windsor, in the Southwest Region, in the Province of Ontario, Canada did sexually assault Katrina Simonato contrary to section 271 of the Criminal Code of Canada.

ii) On an Information dated February 28, 2006:

(b) Jevon Scott on October 21, 2002 in the Municipality of Windsor, in the Southwest Region, in the Province of Ontario, Canada did having appeared before a court, fail, without lawful excuse to attend court as thereafter required contrary to Section 145, subsection (2), clause (b) of the Criminal Code of Canada

4. Accompanying this my affidavit and marked as Exhibit "A" is a certified copy of the Information charging Scott with sexual assault which was sworn by Detective Timothy Talbot before his worship, Justice of the Peace David Hebert. Janice Little who is a clerk of the court certified a copy as a true copy of the original on February 14, 2006. Attached as Exhibit "B" to this my affidavit is a certified copy of the Information charging Scott with failure to appear in court which was sworn by Detective Timothy Talbot before his worship, Justice of the Peace Susan Hoffman. Corine Pope who is a clerk of the court certified a copy as a true copy of the original on March 7, 2006.

5. Also accompanying this my affidavit and marked as Exhibit "C" is a certified copy of an arrest warrant which His Honour Justice R. Abbey issued on October 21, 2002. This warrant authorizes police in Canada to arrest Scott on the charge of sexual assault, allegedly committed on May 14, 2000. Bonnie Durocher who is a clerk of the court certified a copy as a true copy of the original on March 20, 2006.

## C. SUMMARY OF OFFENCES AND INVESTIGATION

### The Sexual Assault

6. On May 17, 2000 Katrina Simonato attended Windsor Police Service headquarters to report a sexual assault, which occurred on May 14, 2000. Simonato was interviewed by Detective Boots and Detective Sarkis of the Special Services Branch on video. Simonato disclosed that on May 13, 2000 she attended Boomers Bar, 461 Wyandotte Street East, in the City of Windsor. She met two males, whom she knew only as Leroy and Jervon. At closing time the males offered her a ride home. She had gotten a ride home by them twice before without incident, so she accepted their offer.

7. When they arrived at her residence, 2615 Lauzon Road, Unit 6, Windsor, Jervon asked to use the washroom. Both men entered the residence. Simonato directed Jervon upstairs to the washroom, but he asked her to show him where it was. Simonato walked upstairs with Jervon. Once they were upstairs, he began pushing her towards the bedroom. She kept telling him she was not interested, but he had taken hold of her upper arms with his hands and directed her into the bedroom. She kept repeating she was not interested, but he was kissing her and removing his clothes. He told her that he knew she wanted it and to relax.

8. Simonato began to feel afraid, as she knew that Leroy was downstairs. She felt intimidated so she removed her pants and underwear, but left her top on. She was afraid to scream, as she believed they would "kick her ass" or kill her. She felt she had to cooperate.

9. Jervon pushed her down on the bed and began to have vaginal intercourse with her. While having intercourse, Jervon called for Leroy to come upstairs. When Leroy walked in the room, he was naked and stated, "Now it's on."

10. Jervon got behind Simonato and held her arms, while Leroy had intercourse with her. It was very painful as Leroy had a large penis. She kept trying to keep her legs close together, so he could not push all the way in, but he would reposition himself. She kept telling him to stop as it hurt, but he disregarded her pleading. He was speaking to her in a very derogatory manner. Jervon told Leroy he was a damn dog, as he was "fucking the shit" out of her. Leroy pulled out and ejaculated on the side of her face and shoulder.

11. Jervon turned her over and had vaginal intercourse with her from behind. He had his arm around her neck to hold her, and was holding her so tight she was having trouble breathing. He inserted his finger in her anus. She asked him to stop, but he kept his finger in her. While Jervon was having intercourse with her, Leroy forced his penis in her mouth, asking her if she spit or swallowed. Simonato clamped down on his penis, and Leroy pulled out.

12. Jervon pulled out of her, and Leroy rolled her over and had vaginal intercourse with her again. Jervon took her hand and wrapped it around his penis, and had her masturbate him to ejaculation. Leroy pulled out and ejaculated on her stomach. Simonato noted the time was 5:00 a.m. when they had finished with her. Leroy went downstairs and Jervon got dressed in the room. She walked halfway down the stairs as they were leaving. They wished her Happy Mother's Day.

13. Simonato attended the Board of Health for examination. The doctor noted her cervix was bruised and cut.

14. The suspect known to Simonato as Jervon was later identified as Jevon Scott through an anonymous source. Simonato viewed a photographic line-up and picked a photo of Jevon Scott as the suspect she knew as Jervon. A warrant for his arrest for sexual assault was issued April 24, 2001 by Justice D. Hebert. (See Exhibit "A") A wanted bulletin for the arrest of Jevon Scott was posted at the Canada Customs office at the Ambassador Bridge in Windsor.

15. Accompanying this my affidavit and marked as Exhibit "D" is a copy of the photographic line-up shown to Katrina Simonato. She picked photo #9 as the suspect "Jervon". Photo #9 was a photo of Jevon Scott.

16. On April 26, 2001 Jevon Scott attempted to enter Canada from the United States via the Ambassador Bridge. He was arrested by Custom Officer Ray Milne, and turned over to Constable Fabio Marion and Sean Bender of the Windsor Police Service.

17. On December 7, 2001 Jevon Scott provided a voluntary sample of blood for DNA comparison testing with evidence found at the scene. The DNA was forwarded to the Centre of Forensic Science for testing.

18. On February 11, 2002 the Centre of Forensic Sciences forwarded documentation that Scott's DNA matched the DNA found at the scene.

19. Jevon Scott was charged with sexually assaulting Katrina Simonato. He was released on a recognizance from the Ontario Court of Justice on April 27, 2001. The co-perpetrator "Leroy" has never been apprehended.

20. Accompanying this my affidavit and marked as Exhibit "E" is a copy of the Recognizance of Bail that Jevon Scott signed upon release. Scott was residing in Detroit, Michigan at this time and his bail permitted him to reside at 19965 Cooley Street, Detroit, Michigan, and he had to attend court when required.

**Committal to Stand Trial for Sexual Assault**

21. On April 17, 2002, Scott attended at the Ontario Court of Justice, 200 Chatham Street East, Windsor, Ontario for a preliminary hearing. He represented himself. Madame Justice S. Bondy committed Scott to stand trial for sexual assault.

22. After Scott was committed to stand trial, the Crown filed an indictment with the Superior Court of Justice dated April 17, 2002. Accompanying this my affidavit and marked as Exhibit "F" is a certified copy of this indictment. Janet Kozub who is a clerk of the court certified a copy as a true copy of the original on February 6, 2006.

**Failure to Attend Court**

23. Scott's trial was set to proceed in front of a jury before the Honourable Justice R. Abbey of the Superior Court of Justice. On October 21, 2002, jury selection was scheduled to begin. Scott failed to attend court as required by his bail recognizance (see Exhibit "E"), which stated that he was to attend court on May 14, 2001 and attend court "thereafter as required by the court in order to be dealt with according to the law." Justice Abbey issued a bench warrant for Scott's arrest. Scott was subsequently charged with failure to appear in court.

24. Accompanying this my affidavit and marked as Exhibit "G" is a copy of the warrant of arrest for Jevon Scott for Failing to Attend Court dated February 28, 2006 and signed by Justice S. Hoffman.

<u>Information on Scott's Current Location</u>

25. On January 26, 2006 Windsor Police received information from Detroit Police that Scott was still living in Detroit at 19965 Cooley Street. He drives a 1993 Buick, licence plate ZXZ482.

**D. IDENTIFICATION OF ACCUSED**

26. The accused in this matter is Jevon Scott, born February 9, 1973 in Detroit, Michigan. Accompanying this my affidavit and marked as Exhibit "H" to this affidavit is a photograph of the person I know to be Jevon Scott.

27. Accompanying this my affidavit and marked as Exhibit "I" are the fingerprints of Jevon Scott obtained on April 26, 2001.

## E. CONCLUSION

28. Based on the aforementioned grounds and other information contained herein, I have reasonable and probable grounds and do believe that Jevon Scott committed the offences of sexual assault and failure to attend court in Windsor, Ontario, Canada.

29. I make this affidavit in support of a request by Canada for the extradition of Jevon Scott and for no other or improper purpose.

SWORN BEFORE ME at the City of
Windsor in the Southwest Region in
The Province of Ontario, Canada
This 18 Day of April, 2006.

Detective Laurel Boots

A Commissioner, etc.

I certify that this is the original affidavit of Laurel Boots

A Commissioner, etc

DEBBIE LYNN [illegible], a Commissioner, etc., [illegible] Police Service. Expires January [illegible]

Exhibit "A"

CANADA
PROVINCE OF ONTARIO
*PROVINCE DE L'ONTARIO*

Southwest/sm (Region/Région)

-- WARRANT --

01 3478

Information of Tim Talbot
*Dénonciation de:*
of/de Windsor Police Service
Detective (occupation/profession) The Informant says *Le dénonciateur*

that he/she believes on reasonable grounds that
*déclare qu'il a des motifs raisonnables de croire que*

(1) Jevon Antoine SCOTT, on or about the 14th day of May, in the year 2000, at the City of Windsor, in the said Region, did sexually assault Katrina Simonato, Contrary to Section 271 of the Criminal Code.

Date Feb 14 /06

I hereby certify that I have compared this document with the original and that it is a true and correct copy thereof

J'ai comparé le présent document à l'original et je certifie qu'il s'agit d'une copie conforme et exacte.

Clerk of the Court, Province of Ontario
Greffier, Province de l'Ontario

Sworn before me at the City of Windsor
*Déclaré sous serment devant moi à ... de*
in the said region this 24
*dans ladite région le*
day of Apr, 2001
*jour de*

A Justice of the Peace in and for the Province of Ontario/*Juge de paix dans et pour la province de l'Ontario*

Informant/*Dénonciateur*

☐ Appearance Notice *Citation à comparaître* ☐ Promise to Appear *Promesse de comparaître* ☐ Recognizance for *Engagement pour le* ☐ Confirmed on *Confirmé(e) le* 24-Apr-2001 J.P.

APR 26 2001

OCT 29 2001

APR 17 2002

| | | | |
|---|---|---|---|
| Crown Elects To Proceed *Choix du poursuivant* | ☐ Summarily *Procédure sommaire* | ☑ By Indictment *Acte d'accusation* | ☐ Summary Conviction Offence(s) *Infraction(s) punissable(s) sur déclaration de culpabilité par procédure sommaire* |
| Accused Elects Trial by *Choix du prévenu* | ☐ Judge (General Division) *Juge seul (Division générale)* | ☐ Judge and Jury *Juge et jury* | |
| ☐ Discharged *Libéré* Apr 17 2002 | ☑ Committed - *Renvoyé à procès -* | ☑ Ordered to Stand Trial - *Astreint en jugement -* | ☐ With Consent of Accused and Prosecutor *Avec le consentement du prévenu et du poursuivant* |
| Without Taking or Recording - *Sans recueillir ou consigner -* | ☐ Any Evidence (or) *de preuve (ou) -* | ☐ Further Evidence *de preuve supplémentaire* | Bail $ *Cautionnement* $ |
| ☐ Accused Elects Trial by a Judge (Provincial Division) *Le prévenu choisit d'être jugé par un juge (Division provinciale)* | | ☐ Absolute Jurisdiction *Juridiction absolue* | |
| Pleads *Plaidoyer* | ☐ Guilty *Coupable* | ☐ Not Guilty *Non coupable* | ☐ Withdrawn *Accusation(s) retirée(s)* |
| Found *Décision* | ☐ Guilty *Coupable* | ☐ Not Guilty *Non coupable* | ☐ In Absentia *Défaut de comparution* |
| | ☐ Absolute Discharge *Absolution inconditionnelle* | ☐ Conditional Discharge *Absolution sous condition* | |

Fined $ ... & $ ... costs. Time to Pay
*Amende de ... $ et de ... $ pour les dépens. Délai de paiement*

or / *ou* ... Date of Birth / *Date de naissance*

| Day/Jour | Mo/Mois | Yr/Année |
|---|---|---|
| 09 | 02 | 1973 |

Probation for
*Période de probation de*

Sentenced to Imprisonment for
*Peine d'emprisonnement*

(Single Accused - Not More Than Two Charges)
*(Un seul accusé - maximum deux accusations)*

Judge/Juge

FOR INFORMATION ON ACCESS TO ONTARIO COURTS FOR PERSONS WITH DISABILITIES, CALL 1-800-387-4456 TORONTO AREA 326-0111

POUR PLUS DE RENSEIGNEMENTS SUR L'ACCÈS DES PERSONNES HANDICAPÉES AUX TRIBUNAUX DE L'ONTARIO, COMPOSEZ LE 1-800-387-4456 RÉGION DE TORONTO 326-0111

CC 0024 (rev. 05/93)

ENTERED

No. of Information/N° de la dénonciation 01 3478

Return Date of Summons/Sommation rapportée le

INFORMATION Against/DÉNONCIATION visant

SCOTT, Jevon Antoine
19965 Cooley St.
Detroit, Michigan, USA

CHARGE/ACCUSATION

(1) INC #, Sexual Assault, s. 271, C.C.

| | | |
|---|---|---|
| Summons / Sommation ☐ | Warrant / Mandat ☒ | Arrest / Arrestation ☐ |
| Reportable M.V. Offence (H.T.A. 164) / Rapport V.M. (Code de la route 164) ☐ | C.V.O.R. No. (Commercial Vehicles Only) / Numéro v.u.r.o. (véhicules utilitaires seulement) | |
| Sex / Sexe: M | Birth Date/Date de naissance: Day/Jour 09, Month/Mois 02, Year/Année 1973 | Was defendant owner? / Le défendeur est-il propriétaire? ☐ Yes/Oui ☐ No/Non |
| Driver's Licence Number/Numéro du permis de conduire | | |
| Plate No./Numéro de plaque | Involves an Accident / Infraction reliée à un accident ☐ | |
| Informant / Dénonciateur: Tim Talbot | | |
| Date Sworn / Date d'assermentation: Tuesday, April 24, 2001 | | |
| Officer / Agent de police: Boots | No. / N°: 8459 | |
| Div. / Div.: Windsor | Dist. / Dist.: 30110 | |
| Courtroom/Salle d'audience: 1 — At/À 200 Chatham St. E., Windsor, Ontario | | |

CD 0001 (rev. 07/93)

| Date / Date | Defendant Appears Adjournment / Défendeur Comparaître Ajournement | Parties Consent / Consentement des parties | Bail and/or other action / Cautionnement et/ou autre mesure | Fails to Appear / Défaut de comparaître | Bench Warrant / Mandat du tribunal | Certificate of Default / Certificat de défaut |
|---|---|---|---|---|---|---|
| Oct 24/01 | [illegible] | | | | | |
| APR 26 2001 | Arraigned - | | Recog c̄ Cash ordered. - | | | |
| APR 26 2001 | 3 May 01 | | $ 5:00 - Consult counsel | | | |
| Apr 27-01 | released | | | | | |
| MAY - 3 2001 | 31 May 01 | ✓ | #1 - 9am - retain counsel | | | |
| MAY 31 2001 | 5 July 01 | | 1 - 9am - Out ce[illegible] | | | |
| JUL - 5 2001 | 2 Aug 01 | ✓ | 1 - 9am - SD | | | |
| AUG - 2 2001 | 6 Sept 01 | ✓ | [illegible] - #1 - E[illegible] | | | |
| SEP 06 2001 | 4 Oct 01 | ✓ | [illegible] - #1 - E - [illegible] | | | |
| OCT - 4 2001 | AY - Oct 01 | ✓ | #1 - 9am | | | |
| OCT 04 2001 | | | with or without couns[illegible] | | | |
| OCT 3 2001 | | | [illegible] | | | |

| Date / Date | Clerk / Greffier | Reporter / Sténographe | Prosecutor / Poursuivant | For Defendant / Pour le défendeur | Justice's Initials / Initiales du juge de paix |
|---|---|---|---|---|---|
| APR 26 2001 | SM ML LM | DL | LM | de Carroccia | SH |
| 27 Apr 01 | SM-ML-LM | DC | WB | | ESL |
| MAY - 3 2001 | SM-MY-KM | Whitley | [illegible] | sel. | AD |
| MAY 31 2001 | LD-ne | MB | W B | Dube | CD |
| JUL - 5 2001 | SM - LD | DC SB | Benoteau | ✓ | MRB |
| AUG - 2 2001 | AH - [illegible] | [illegible] | ✓ | ✓ | [illegible] |
| SEP 06 2001 | LD - PA | JF | CC | ✓ | [illegible] |
| [illegible] 2001 | [illegible] | [illegible] | LM | ✓ | [illegible] |

| Date / Date | Clerk / Greffier | Reporter / Sténographe | Prosecutor / Poursuivant | For Defendant / Pour le défendeur | Justice's Initials / Initiales du juge de paix |
|---|---|---|---|---|---|
| [illegible] | DO-LA | DC | LM | Self | SH |
| APR 16 2002 | McDonald | Nantau | Beattie | Self | Bondy |
| APR 17 2002 | Tounde | [illegible] | Marasia | Self | Bondy |

No. of Information/N° de la dénonciation 01 3478

Return Date of summons/Sommation rapportée le yr./an

**INFORMATION Against/DÉNONCIATION visant**

Scott, Juwon Antoine

Address / Adresse

**CHARGE / ACCUSATION**

271cc - sex. asslt

[illegible] 539 2 486(3)

APR 17 2002

☐ Summons / Sommation ☐ Warrant / Mandat ☐ Arrest / Arrestation

☐ Reportable M.V. Offence (H.T.A. 184) Report M.V. (Code de la route 184)

C.V.O.R. No. (Commercial Vehicles Only) / Numéro I.V.U.O. (véhicules utilitaires seulement)

| Sex / Sexe | Birth Date / Date de naissance Day/Jour | Month/Mois | Year/Année | Was defendant owner? / Le défendeur était-il propriétaire? |
|---|---|---|---|---|
| M | 09 | 02 | 73. | ☐ Yes/Oui ☐ No/Non |

Driver's Licence Number / Numéro du permis de conduire

Plate No. / Numéro de plaque ☐ Involves an Accident / Infraction reliée à un accident

Informant / Dénonciateur

Date Sworn / Date d'assermentation

Officer / Agent de police No. / N°

Div / Div Det / Dét

Courtroom/Salle d'audience

CCO 2-000 (rev. 06/00) (formerly/anciennement CC 0.U1)

| Date / Date | Defendant Appears Adjournment / Défendeur Comparaît Ajournement | Parties Consent / Consentement des parties | Bail and/or other action / Cautionnement et/ou autre mesure | Fails to Appear / Order de comparution / Bench Warrant / Certificate of Default |
|---|---|---|---|---|
| OCT [illegible] | 16/Apr/02 | ✓ | #10-10AM [illegible] PH | (2hrs) |
| APR 16 2002 | 17 Abril 02 | ✓ | #8-100am for Preliminary Hearing | |
| APR 17 2002 | 3 May 02 | ✓ | Assignment Court 9:30am (SCJ) | |

Exhibit "B"

WINDSOR POLICE SERVICE
OCC#: '06-12951

Police Case ID#: 7634

CANADA
PROVINCE OF ONTARIO
*PROVINCE DE L'ONTARIO*

SOUTHWEST
(Region / *Région*)

Information of / *Dénonciation de :* TIM TALBOT — Inv.Off.:8459

of / *de* CITY OF WINDSOR — DETECTIVE (occupation / *profession*)

06-882

The informant says that he/she believes on reasonable grounds that
*Le dénonciateur déclare qu'il a des motifs raisonnables de croire que*

SCOTT, Jevon Antoine — 09 Feb. 1973 (date of birth / *date de naissance*)

of / *de* 19965 COOLEY STREET, DETROIT, MI 48219

on or about the 21st day of October in the year 2002 at the City of Windsor in the said region did, having appeared before a court, fail, without lawful excuse, to attend court as thereafter required, contrary to Section 145, subsection (2), clause (b) of the Criminal Code of Canada.

Sworn before me at the / *Déclaré sous serment devant moi à(au)* CITY

of / *de* WINDSOR

in the Province of Ontario / *dans la province de l'Ontario*

this / *ce* 28 day of / *jour de* FEBRUARY, yr. / *an* 2006

Informant / *Dénonciateur*

Justice of the Peace / *Juge de paix*

☐ Appearance Notice / *Citation à comparaître* ☐ Promise to Appear / *Promesse de comparaître* ☐ Recognizance / *Engagement pour* for / *le* ____, yr. / *an* ____

☐ Confirmed on / *Confirmé(e) le* ____, yr. / *an* ____ Justice of the Peace / *Juge de paix*

☐ Publication ban pursuant to / *Interdiction de publication en vertu de* ____

Date

**Crown Elects to Proceed / *Choix du poursuivant***
☐ Summarily / *Procédure sommaire* ☐ By Indictment / *Acte d'accusation* ☐ Summary Conviction Offence(s) / *Infraction(s) punissable(s) sur déclaration de culpabilité par procédure sommaire* ☐ Indictable Offence(s) / *Infraction(s) punissable(s) par mise en accusation*

**Accused Elects Trial by / *Choix du prévenu***
☐ Judge (Superior Court) / *Juge seul (Cour supérieure)* ☐ Judge and Jury (Superior Court) / *Juge et jury (Cour supérieure)* ☐ Judge (Ontario Court) / *Juge seul (Cour de l'Ontario)* ☐ Absolute Jurisdiction / *Juridiction absolue*

☐ Preliminary Hearing requested by / *Enquête préliminaire demandée par* ____ ☐ No Preliminary Hearing requested / *Aucune enquête préliminaire demandée*

☐ Discharged / *Libéré* ☐ Ordered to Stand Trial* / *Astreint en jugement* ☐ Withdrawn / *Accusation(s) retirée(s)*

* Without Taking or Recording / *Sans recueillir ou consigner*
☐ With consent of accused and prosecutor, / *Avec le consentement du prévenu et du poursuivant* ☐ any evidence / *de preuve* (or) / *(ou)* ☐ further evidence / *de preuve supplémentaire*

**Pleads / *Plaidoyer*** — **Found / *Décision***
☐ Guilty / *Coupable* ☐ Not Guilty / *Non coupable* ☐ Guilty / *Coupable* ☐ Not Guilty / *Non coupable* (acquitted/dismissed / *acquitté/rejeté*) ☐ In Absentia / *Défaut de comparution*

☐ Absolute Discharge / *Absolution inconditionnelle* ☐ Conditional Discharge / *Absolution conditionnelle* ☐ Suspended Sentence / *Condamnation avec sursis* ☐ Conditional Sentence Order / *Ordonnance de sursis*

☐ Fined $ / *Amende de* ____ & $ / *$ et* ____ costs. Time to pay / *$ pour les dépens. Délai de paiement*

☐ Probation ____ ☐ Prohibition / *Interdiction* ____ ☐ Restitution $ / *Dédommagement* ____ $

☐ Imprisonment for / *Emprisonnement pour*

☐ Victim Surcharge $ / *Suramende compensatoire* ____ $ Time to Pay / *Délai de paiement* ____

Judge / *Juge*

(Single Accused – Single Charge / *un seul accusé – une seule accusation*)

CCO-2-000-1 CSO (rev. 05/05) (inCHARGE 05/05)
Locked Down Date: February 24, 2006 10:40 AM

CANADA
PROVINCE OF ONTARIO
PROVINCE DE L'ONTARIO

SOUTHWEST
(Region / Région)

WARRANT FOR ARREST WITH AUTHORIZATION TO ENTER A DWELLING HOUSE
Exhibit "C"
MANDAT D'ARRESTATION AVEC AUTORISATION D'ENTRER DANS UNE MAISON D'HABITATION

SCO-AW02-01539

FORM 7 / FORMULE 7
(Section 475, 493, 597, 800, AND 803) Page 1 of 3
(Articles 475, 493, 597, 800 ET 803) Page 1 de 3

INFORMATION NUMBER/ Nº DE LA DÉNONCIATION: 02-CR-06225

To the peace officers in the said Region and in the Province of Ontario:
*Aux agents de la paix dans ladite région et dans la province de l'Ontario*

This warrant is issued for the arrest of JEVON ANTOINE SCOTT 09-02-73
*Le présent mandat est décerné pour l'arrestation de* (D. O. B. /Date de naissance)

19965 COOLEY STREET, of the CITY of DETROIT
(Occupation / Profession) *du/de la* *de*

In the STATE of MICHIGAN, hereinafter called the accused.
*dans le/la* *de* *ci-après appelé le prévenu.*

WHEREAS the accused has been charged that he/she, on or about the 14TH day of MAY Yr. 2000
*ATTENDU QUE le prévenu a été inculpé d'avoir, le ou vers* *jour de* *An.*

at the CITY of WINDSOR, in the said Region,
*à/au* *de* *dans ladite région,*

DID SEXUALLY ASSAULT KATRINA SIMONATO, CONTRARY TO SECTION 271 OF THE CRIMINAL CODE OF CANADA

(set out briefly the offence in respect of which the accused is charged / *indiquer brièvement l'infraction dont le prévenu est inculpé*):

A CERTIFIED TRUE COPY
[signature]

AND WHEREAS:*
*ET ATTENDU QUE:**

☐ a) there are reasonable grounds to believe that it is necessary in the public interest to issue this warrant for the arrest of the accused (507(4), 512(l));
*il existe des motifs raisonnables de croire qu'il est nécessaire dans l'intérêt public de décerner ce mandat pour l'arrestation du prévenu (507)(4); 512(l));*

☐ b) the accused failed to attend court in accordance with the summons served on him (512(2));
*le prévenu a omis d'être présent au tribunal en conformité avec la sommation qui lui a été signifiée (512(2));*

☐ c) [an appearance notice or a promise to appear or a recognizance entered into before an officer in charge] was confirmed and the accused failed to attend court in accordance therewith (512(2));
*[une citation à comparaître ou une promesse de comparaître ou un engagement contracté devant un fonctionnaire responsable] a été confirmé(e) et le prévenu a omis d'être présent au tribunal en conformité avec cette citation ou promesse ou cet engagement (512(2));*

☐ d) it appears that a summons cannot be served because the accused is evading service (512(2));
*il semble, qu'une sommation ne peut être signifiée car le prévenu se soustrait à la signification (512(2));*

☐ e) the accused was ordered to be present at the hearing of an application for a review of an order made by a justice and did not attend the hearing (520(5), 521(5));
*il a été ordonné au prévenu de se présenter à l'audience d'une requête pour l'examen d'une ordonnance rendue par un juge et il ne s'y est pas présenté (520(5), 521(5));*

☐ f) there are reasonable grounds to believe that the accused has contravened or is about to contravene the [summons or appearance notice or promise to appear or undertaking or recognizance] on which he was released (524(1), 525(5), 679(6));
*il y a des motifs raisonnables de croire que le prévenu a violé ou est sur le point de violer [sommation ou citation à comparaître ou promesse de comparaître ou une promesse ou un engagement] en raison duquel ou de laquelle il a été mis en liberté (524(1), 525(5), 679(6));*

☐ g) there are reasonable grounds to believe that the accused has since his release from custody on [any summons or appearance notice or promise to appear *or* an undertaking *or* a recognizance] committed an indictable offence (524(1), (525(5), (679(6);

* *Initial applicable recital.*
*Parapher l'attendu qui s'applique.*
** *For any case not covered by recitals (a) to (i), insert recital in the words of the statute authorizing the warrant.*
*Pour tout cas qui n'est pas couvert par les attendus a) à i), insérez l'attendu en empruntant les termes de la loi autorisant le mandat.*

CCO-7-475-1 (Rev.10/99) (formerly/anciennement CC3030)

Form 28
*Formule 28*
(Section 487 and 528)
*(Articles 487 et 528)*

## ENDORSEMENT OF WARRANT
## *VISA DU MANDAT*

CANADA,
PROVINCE OF ONTARIO
*PROVINCE DE L'ONTARIO*

SOUTHWEST
*REGION / RÉGION*

Pursuant to application this day made to me, I hereby authorize the arrest of the accused [or defendant]
*Conformément à la demande qui m'est faite aujourd'hui, j'autorise par les présentes l'arrestation du prévenu [ou du défendeur]*

within the SOUTHWEST
*dans* — *Région / Région*

Dated this 21ST day of OCTOBER Yr. 2002
*Fait ce* — *jour de* — *An.*

at the CITY
*au/à la*

of WINDSOR
*du/de la*

JUSTICE R. ABBEY, SUPERIOR COURT OF JUSTICE
Judge [or Justice of the Peace] in and for the Province of Ontario
*Juge [ou juge de paix] dans et pour la province de l'Ontario*

Deputy Registrar

Form 29
*Formule 29*
(Section 499 and subsection 507(6))
*(Article 499 et par. 507(6))*

## ENDORSEMENT OF WARRANT
## *VISA DU MANDAT*

CANADA,
PROVINCE OF ONTARIO
*PROVINCE DE L'ONTARIO*

*REGION / RÉGION*

Whereas this warrant is issued in respect of an offence other than an offence mentioned in section 522 of the Criminal Code, I hereby authorize the release of the accused pursuant to section 499 thereof.
*Attendu que le présent mandat est décerné relativement à une infraction autre qu'une infraction mentionnée à l'article 522 du Code criminel, j'autorise par les présentes la mise en liberté du prévenu conformément à l'article 499 mentionné ci-dessus.*

Dated this _____ day of _____ Yr. _____
*Fait ce* — *jour de* — *An.*

at the _____
*au/à la*

of _____
*du/de la*

Judge [or Justice of the Peace] in and for the Province of Ontario
*Juge [ou juge de paix] dans et pour la province de l'Ontario*

MANDAT D'ARRESTATION AVEC AUTORISATION D'ENTRER DANS UNE MAISON D'HABITATION

FORM 7 / FORMULE 7

(Section 475, 493, 597, 800, AND 803) Page 2 of 3

*(Articles 475, 493, 597, 800 ET 803) Page 2 de 3*

INFORMATION NUMBER / Nº DE LA DÉNONCIATION

02-CR-06225

*Il y a des motifs raisonnables de croire que, depuis sa mise en liberté sur [toute sommation ou citation à comparaître ou promesse de comparaître ou une promesse ou un engagement], le prévenu a commis un acte criminel (524(1), 525(5), 679(6));*

h) the accused was required by [an appearance notice *or* a promise to appear *or* a recognizance entered into before an officer in charge *or* a summons] to attend at a time and place stated therein for the purposes of the *Identification of Criminals Act* and did not appear at the time and place (502, 510);
*le prévenu devait en vertu [d'une citation à comparaître ou d'une promesse de comparaître ou d'un engagement contracté devant un fonctionnaire responsable ou une sommation] comparaître aux temps et lieu y indiqués aux fins de la* Loi sur l'identification des criminels *et a omis de comparaître aux temps et lieu ainsi indiqués (502, 510);*

i) an indictment has been found against the accused and the accused has not appeared or remained in attendance before the court for his trial (597);
*un acte d'accusation a été présenté contre le prévenu et celui-ci n'a pas comparu ou n'est pas demeuré présent pour son procès (597);*

j) **

THIS IS THEREFORE to command you, in Her Majesty's name, forthwith to arrest the said accused and to bring him before the presiding Justice/Judge of the Superior Court of Justice/Ontario Court of Justice*** of the said Region or before me or any Justice in and for the said Region, to answer to the said charge.

*IL VOUS EST PAR LES PRÉSENTES enjoint, au nom de Sa Majesté, d'arrêter ledit prévenu et de l'amener devant le juge de paix ou juge président de la Cour supérieure de justice/Cour de justice de l'Ontario de ladite région ou devant moi ou tout juge de paix dans et pour ladite région, pour répondre à ladite inculpation.*

Dated this 21ST day of OCTOBER, A.D. 2002, at the CITY of WINDSOR
*Fait ce jour de, au/à la de*

RECEIVED INFORMATION SERVICES W.P.S.

OCT 23 2002

A. Horvath, Registrar

JUSTICE R. ABBEY, SUPERIOR COURT OF JUSTICE

Judge, or Justice of the Peace in and for the Province of Ontario
*Juge ou juge de paix dans et pour la province de l'Ontario*

A. Horvath, Registrar

AUTHORIZATION TO ENTER A DWELLING HOUSE
*AUTORISATION POUR ENTRER DANS UNE MAISON D'HABITATION*

[And where applicable] Whereas there are reasonable grounds to believe that the accused is or will be present in
*[S'il y a lieu] Attendu qu'il y a des motifs raisonnables de croire que le prévenu se trouve ou se trouvera dans*

(Here describe dwelling-house / Décrire ici la maison d'habitation):

This warrant is also issued to authorize you to enter the dwelling-house for the purpose of arresting or apprehending the accused at
*Le présent mandat est également décerné pour vous autoriser à entrer dans la maison d'habitation en vue d'arrêter ou d'appréhender*

any time between the hour of ____ a.m./p.m., on the ____ day of ____ yr. and the hour of
*le prévenu à tout moment entre ____ h de l'avant-midi/après-midi du ____ jour de ____ an. et*

____ a.m./p.m., on the ____ day of ____ yr., subject to the condition that you may not enter the
*____ h de l'avant-midi/après-midi du ____ jour de ____ an. Toutefois, vous n'avez pas le droit d'entrer dans la*

** *For any case not covered by recitals (a) to (i), insert recital in the words of the statute authorizing the warrant.*
*Pour tout cas qui n'est pas couvert par les attendus a) à i), insérez l'attendu en empruntant les termes de la loi autorisant le mandat.*

*** *Choose applicable recital.*
*Choisir l'attendu qui s'applique.*

CCO-7-475-1 (Rev 10/99) *(formerly/anciennement CC3030)*

*MANDAT D'ARRESTATION AVEC AUTORISATION D'ENTRER DANS UNE MAISON D'HABITATION*

FORM 7 / *FORMULE 7*

(Section 475, 493, 597, 800, AND 803) Page 3 of 3
*(Articles 475, 493, 597, 800 ET 803) Page 3 de 3*

| INFORMATION NUMBER/Nº DE LA DÉNONCIATION |
|---|
| 02-CR-06225 |

dwelling-house unless you have, immediately before entering the dwelling-house, reasonable grounds to believe that the person to be *maison d'habitation, à moins d'avoir, immédiatement avant d'y entrer, des motifs raisonnables de croire que la personne devant être* arrested or apprehended is present in the dwelling-house.
*arrêtée ou appréhendée se trouve dans la maison d'habitation.*

[And where applicable] Whereas there are reasonable grounds to believe that prior announcement of the entry would: ***
*[S'il y a lieu] Attendu qu'il y a des motifs raisonnables de croire que le fait de prévenir avant de pénétrer dans la maison d'habitation :****

a) expose the peace officer or any other person to imminent bodily harm or death;
*exposerait l'agent de la paix ou toute autre personne à des lésions corporelles imminentes ou à la mort;*

or/*ou*

b) result in the imminent loss or imminent destruction of evidence relating to the commission of an indictable offence;
*entraînerait la perte ou la destruction imminente d'éléments de preuve relatifs à la perpétration d'un acte criminel.*

This warrant is also issued to authorize you to enter the dwelling house without prior announcement, subject to the condition that you may not enter the dwelling house without prior announcement unless you have, immediately before entering the dwelling house,
*Le présent mandat est également décerné pour vous autoriser à entrer dans la maison d'habitation sans prévenir. Toutefois, vous n'avez pas le droit d'entrer dans la maison d'habitation sans prévenir à moins d'avoir, immédiatement avant d'y entrer,*

*a)* reasonable grounds to suspect that prior announcement of the entry would expose the peace officer or any other person to imminent bodily harm or death;
*des motifs raisonnables de soupçonner que le fait de prévenir de l'"entrée dans la maison d'habitation exposerait l'agent de la paix ou toute autre personne à des lésions corporelles imminentes ou à la mort;*

or/*ou*

b) reasonable grounds to believe that prior announcement of the entry would result in the imminent loss or imminent destruction of evidence relating to the commission of an indictable offence.
*des motifs raisonnables de croire que le fait de prévenir avant de pénétrer dans la maison d'habitation entraînerait la perte ou la destruction imminente d'éléments de preuve relatifs à la perpétration d'un acte criminel.*

The authorization to enter the dwelling house for the purpose of arresting or apprehending the accused shall be carried out in accordance with following terms and conditions:
*L'autorisation d'entrer dans la maison d'habitation dans le but d'arrêter ou d'appréhender le prévenu sera exécutée conformément aux conditions suivantes :*

.......................................................................................................
*(Conditions to be specified/ Conditions à préciser)*

.......................................................................................................

.......................................................................................................

Dated this 21ST day of OCTOBER, A.D. 2002, at the CITY of WINDSOR
*Fait ce jour de au/à la de*

A. Horvath Registrar

JUSTICE R. ABBEY, SUPERIOR COURT OF JUSTICE
Judge, or Justice of the Peace in and for the Province of Ontario
*Juge ou juge de paix dans et pour la province de l'Ontario*

Altworth, Registrar

Exhibit D

1



2



3



4



5



6



7



8



9



10



11



12



EXHIBIT

RECOGNIZANCE OF BAIL TAKEN BY A JUSTICE OF THE PEACE
*ENGAGEMENT DE CAUTION* CONTRACTE DEVANT UN JUGE DE PAIX

Form / *Formule* 32.1 (a) CD 085078
Sections / *Articles* 493, 550, 679, 706, 707, 810, 810.1 and/et 817

CANADA
PROVINCE OF ONTARIO
*PROVINCE DE L'ONTARIO*
Southwest Region
Region/*Région*

BE IT REMEMBERED that on this day the persons named in the following schedule personally came before me and severally acknowledged themselves to owe to Her Majesty the Queen the several amounts set opposite their respective names: namely
*SACHEZ QUE, ce jour, les personnes nommées dans la liste qui suit ont personnellement comparu devant moi et ont chacune reconnu devoir à Sa Majesté la Reine les diverses sommes indiquées en regard de leurs noms respectifs, savoir:*

| | NAME / *NOM* | DATE OF BIRTH / *DATE DE NAISSANCE* | OCCUPATION / *PROFESSION* | AMOUNT / *MONTANT* | CASH / *ESPÈCES* |
|---|---|---|---|---|---|
| ACCUSED / *PRÉVENU* | Jevon Antoine SCOTT | Feb. 9/73 | | $1000.00 | ☐ |
| Address / *Adresse* | 19965 Cooley St. Detroit, Michigan U.S.A. | | | C A S H | |
| SURETY / *CAUTION* | | | | | ☐ |
| Address / *Adresse* | | | | | |
| SURETY / *CAUTION* | | | | | ☐ |
| Address / *Adresse* | | | | | |

to be made and levied of their several goods and chattels, lands and tenements respectively, to the use of Her Majesty the Queen, if the said accused fails in any of the conditions hereunder written.
*lesdits sommes devant être prélevées sue leurs biens, meubles et immeubles respectivement, pour l'usage de Sa Majesté la Reine, si ledit prévenu ne remplit pas les conditions ci-après énoncées.*

Taken and acknowledged before me at the said Region
*Fait et reconnu devant moi dans ledit/ladite région*

on the / *le* 27 day of / *jour de* April yr / *an* 2001 at / *à* ____ m.

[signature]
Justice of the Peace in and for the Province of Ontario
*Juge de paix dans et pour la province de l'Ontario*

WHEREAS the said / *ATTENDU QUE ledit (ladite)* Jevon antoine Scott, hereinafter called the accused, has been charged that he on or about the / *ci-après appelé(e) le prévenu, a été inculpé(e) d'avoir le*

14th day of / *jour de* May yr / *an* 2000, at the / *ou vers cette date, au/à* City

of / *du/de* Windsor, unlawfully did commit the offence of / *illégalement*

#01 3478 sexual assault CC: 271

NOW THEREFORE, the condition of this recognizance is that if the accused attends court on the
*À CES CAUSES le présent engagement est subordonné à la condition que si le prévenu est présent au tribunal le*

3rd day of / *jour de* May, next, at / *à* 9 o'clock in the fore noon in courtroom #1 / *heures dans la salle d'audience*

at / *de/du* Ontario Court of Justice, 200 Chatham St. E. Windsor, Ontario

and attends thereafter as required by the court in order to be dealt with according to law, AND FURTHER if the accused:
*et est présent par la suite selon les exigences du tribunal, afin d'être traité selon la loi, et QU'EN OUTRE, si le prévenu :*

1. Abstain from communicating or associating with Katrina Simonato under any circumstances either directly or indirectly or from going to 3382 Millen St. Windsor or at 3300 block of Millen St. Windsor, Ontario

2. Leave Canada forthwith and not re-enter Canada unless attending for pre-scheduled court appearances or pre-arranged meetings with counsel.

Date: 20 March 22/06

I hereby certify that I have compared this document with the original and that it is a true and correct copy thereof.
J'ai comparé le présent document à l'original et je déclare qu'il s'agit d'une copie conforme et exacte.

[signature]
Clerk of the Court, Province of Ontario

SCOTT, JEVON ANTOINE
0531 01434581 015 27 04 01 $1,000.00

the said recognizance is void, otherwise it stands in full force and effect.
*ledit engagement est nul mais, au cas contraire, il a pleine force et plein effet.*

FOR INFORMATION ON ACCESSIBLE ... TO ONTARIO COURTS FOR PERSONS WITH DISABILITIES, CALL 1-800-387-4456
POUR PLUS DE RENSEIGNEMENTS SUR L'ACCÈS DES PERSONNES HANDICAPÉES AUX TRIBUNAUX DE L'ONTARIO, COMPOSEZ LE 1-800-387-4456

**HE CRIMINAL C[illegible]PROVIDES AS FOLLOWS:**

ote: Section 763 and subsections 764(1), (2) and (3) of the Criminal Code are as follows:

763. Where a person is bound by recognizance to appear before a court, stice or provincial court judge for any purpose and the session or sittings that [illegible] or the proceedings are adjourned or an order is made changing a pl[illegible] trial, that person and his sureties continue to be bound by the cognizance in like manner as if it had been entered into with relation to the sumed proceedings or the trial at the time and place at which the oceedings are ordered to be resumed or the trial is ordered to be held.

4. (1) Where an accused is bound by recognizance to appear for trial, s arraignment or conviction does not discharge the recognizance, but it ntinues to bind him and his sureties, if any, for his appearance until he is scharged or sentenced, as the case may be.

(2) Notwithstanding subsection (1), the court, justice or provincial court dge may commit an accused to prison or may require him to furnish new additional sureties for his appearance until he is discharged or sentenced, the case may be.

(3) The sureties of an accused who is bound by recognizance to opear for trial are discharged if he is committed to prison pursuant to ibsection (2)."

***E CODE CRIMINEL STIPULE QUE:***

*Remarque: L'article 763 et les paragraphes 764(1), (2) et (3) du Code criminel isent comme suit:*

*3 Lorsqu'une personne est tenue, par engagement, de comparaître vant une cour, un juge de paix ou un juge de la cour provinciale pour une quelconque et que la session de ladite cour ou les procédures sont ournées, ou qu'une ordonnance est rendue pour changer le lieu du procès, tte personne et ses cautions continuent d'être liées par l'engagement de la ême manière que s'il avait été contracté à l'égard des procédures reprises ou procès aux temps et lieu où la reprise des procédures ou la tenue du ocès est ordonnée.*

*34 (1) Lorsqu'un prévenu est tenu aux termes d'un engagement, de mparaître aux fins de procès, la lecture de son acte d'accusation ou la éclaration de sa culpabilité ne libère pas de l'engagement, mais ngagement continue de lier le prévenu et ses cautions, s'il en existe, pour comparution jusqu'à ce que le prévenu soit libéré ou qu'une peine lui ait é infligée, selon le cas.*

*(2) Nonobstant le paragraphe (1), la cour, le juge de paix ou le juge la cour provinciale peut envoyer un prévenu en prison ou exiger qu'il urnisse de nouvelles cautions ou des cautions supplémentaires pour sa mparution jusqu'à ce qu'il soit libéré ou condamné, selon le cas.*

*(3) Les cautions d'un prévenu qui est tenu, par engagement, de mparaître pour procès sont libérées si le prévenu est envoyé en ison en vertu du paragraphe (2).»*

his recognizance has been read over to me and explained and I fully nderstand the same.

*et engagement m'a été lu et expliqué et je le comprends entièrement.*

X [signature]

Signature of Accused/Signature du prévenu

Signature of Bondsman/Signature de la caution

Date Mar 22/06

I hereby certify that I have compared this document with the original and that it is a true and correct copy thereof.

J'ai comparé le présent document à l'original et je certifie qu'il s'agit d'une copie conforme et exacte.

[signature]

Clerk of the Court, Province of Ontario
Greffier, Province de l'Ontario

COO-32 (a)-4933 (rev. 04/00) (formerly/anciennement CC 1511)

**CERTIFICATE OF DEFAULT**
***CERTIFICAT DE DÉFAUT***

Form/Formule 33
Section/Article 770 C.C.

I hereby certify that Jevon Antoine Scott
*Je certifie par les présentes que*

(has not appeared as required by this recognizance or has not complied with a condition of this recognizance) and that by reason thereof the ends of justice have been (defeated or delayed, as the case may be).

*(n'a pas comparu ainsi que l'exigeait le présent engagement ou ne s'est pas conformé à une des conditions prévues dans cet engagement) et que, de ce fait (la justice a été contrariée ou les fins de la justice ont été retardées, selon le cas).*

The nature of the default is fail to attend court on
*Le manquement peut se décrire comme suit:* October 21, 2002

and the reason for the default is unknown (state reason if known)
*et la raison du manquement est (indiquer la raison, si elle est connue)*

The names and addresses of the principal and sureties are as follows:
*Les noms et adresses du cautionné et de ses cautions sont les suivants:*

Jevon Antoine Scott
19965 Cooley St.
Detroit, Michigan

Dated this 6th day of November yr 2002
*Fait le* *jour de* *an*
*at/à* Windsor

[signature]

Signature of judge, clerk, justice, provincial court judge, clerk of the court, peace officer or other person, as the case may be
*Signature du greffier du tribunal, juge, juge de paix, juge de la cour provinciale, agent de la paix ou autre personne*

In case of cash bail, signature of person depositing cash:
*S'il s'agit d'un cautionnement en espèces, signature de la personne qui dépose l'argent:*

X [signature]

yr / *an* RECEIVED / *REÇU*

from the COURT CLERK the sum of
*du GREFFIER DE LA COUR la somme de*

Dollars

$ $ (Signature)

Exhibit 'F

CANADA, )
PROVINCE OF ONTARIO, )
SOUTHWEST REGION. )

02-CR-06225

INDICTMENT

IN THE SUPERIOR COURT OF JUSTICE

A CERTIFIED TRUE COPY
per: [signature]

HER MAJESTY THE QUEEN

against

JEVON ANTOINE SCOTT

JEVON ANTOINE SCOTT STANDS CHARGED:

1. That he on or about the 14th day of May, 2000 at the City of Windsor, in the said Southwest Region, did sexually assault Katrina Simonato,

CONTRARY TO SECTION 271 OF THE CRIMINAL CODE OF CANADA

Dated this 17th day of April, 2002, at Windsor, Ontario.

[signature]

Counsel acting on behalf of the Attorney General of Ontario

02-CR-06225.

MAY 0 3 2002

IN THE COURT OF ONTARIO
SUPERIOR COURT OF JUSTICE
(Southwest Region)

HER MAJESTY THE QUEEN

A CERTIFIED TRUE COPY

against

TRIAL DATE: ________

adj. to June 7th 2002 9:30 am

JEVON ANTOINE SCOTT

CRIMINAL CODE SECTIONS:

ELECTION:

[ ] JUDGE WITH A JURY

[ ] JUDGE WITHOUT A JURY

Counsel acting on behalf of the Attorney General hereby consents to re-election to trial by a Judge without a Jury.

DATED:
COUNSEL:

DATE: June 7th 2002
CRIMINAL PRE-TRIAL DATE: July 4th 2002 2pm
JURY SELECTION DATE: Oct 21st 2002 10 am
JUDGE ALONE TRIAL DATE: ________

ADJUDICATION:

July 4/2002
Acc without counsel (assessed)
Adj. Aug 9 9:30
for appearance of counsel for Acc. Best efforts to retain
(Acc until counsel)
Abbey J.

August 9 2002
The accused not being present in court w/o explanation; warrant to issue
10:00 a.m.

SENTENCE:

DATE: Aug. 9 2002
CRIMINAL PRE-TRIAL DATE: ________
JURY SELECTION DATE: ________
JUDGE ALONE TRIAL DATE: ________

JUDGE

10:10 a.m.
August 9, 2002
To Sept 6 2002, at 9:30 am. Accused still unable to retain counsel despite efforts. Lack of (over)
Acc... # ... problem. Legal Aid ...

Sept 4/02 P.T. – Oct 2 at 2:00

Jury selection + Trial – Oct 21/02

Estimate 5 DAYS

[signature]

Oct 2/02 → Defendant counsel will apply to re release

– Crown not consenting

→ Challenge for release → per Parker

– application 276 – Prior sexual activity

→ If continues as judge & jury – est. for Voir Dire – 1 DAY.

Oct 21/2002

Acc. not appearing.

Judicial interim release order suspended.

Arrest warrant to issue.

F. Metar removed as counsel of record for Acc.

CERTIFIED TRUE COPY

[signature]

WINDSOR POLICE SERVICE    Police Case ID: 7634

# WARRANT FOR ARREST WITH OPTIONAL AUTHORIZATION TO ENTER A DWELLING HOUSE
# *MANDAT D'ARRESTATION AVEC AUTORISATION FACULTATIVE D'ENTRER DANS UNE MAISON D'HABITATION*

OCC#:06-12951

SCO-AW06-0318

CANADA
PROVINCE OF ONTARIO
*PROVINCE DE L'ONTARIO*

Form / *Formule* 7
Sections / *Articles* 475, 493, 597, 800, and / *et* 803 of the *Criminal Code* / *du Code criminel*

SOUTHWEST (Region/*Région*)

To the peace officers in the said Region and in the Province of Ontario:
*Aux agents de la paix dans ladite région et dans la province de l'Ontario* : 06-882
Case/File No. / *N° du cas/dossier*

This warrant is issued for the arrest of SCOTT, Jevon Antoine    09 Feb 1973
*Le présent mandat est décerné pour l'arrestation de*    (date of birth / *date de naissance*)

LABOURER (occupation / *profession*), of the *du(de la)* CITY of *de* DETROIT

in the *dans le(la)* STATE of *de* MICHIGAN, hereinafter called the accused.
*ci-après appelé(e) le prévenu.*

WHEREAS the accused has been charged that he/she,
*ATTENDU QUE le prévenu a été inculpé d'avoir,*

COUNT 1
on or about the 21st day of October in the year 2002 at the City of Windsor in the said region did, having appeared before a court, fail, without lawful excuse, to attend court as thereafter required, contrary to Section 145, subsection (2), clause (b) of the Criminal Code of Canada.

AND WHEREAS:*
*ET ATTENDU QUE :**

(a) there are reasonable grounds to believe that it is necessary in the public interest to issue this warrant for the arrest of the accused (507(4), 512(1));
*il existe des motifs raisonnables de croire qu'il est nécessaire dans l'intérêt public de décerner ce mandat pour l'arrestation du prévenu (507(4), 512(1));*

(b) the accused failed to attend court in accordance with the summons served upon him/her (512(2));
*le prévenu a omis d'être présent au tribunal en conformité avec la sommation qui lui a été signifiée (512(2));*

(c) (an appearance notice or a promise to appear or a recognizance entered into before an officer in charge) was confirmed and the accused failed to attend court in accordance therewith (512(2));
*(une citation à comparaître ou une promesse de comparaître ou un engagement contracté devant un fonctionnaire responsable) a été confirmé(e) et le prévenu a omis d'être présent au tribunal en conformité avec cette citation ou promesse ou cet engagement (512(2));*

(d) it appears that a summons cannot be served because the accused is evading service (512(2));
*il semble qu'une sommation ne peut être signifiée car le prévenu se soustrait à la signification (512(2));*

(e) the accused was ordered to be present at the hearing of an application for a review of an order made by a justice and did not attend the hearing (520(5), 521(5));
*il a été ordonné au prévenu de se présenter à l'audience d'une requête pour l'examen d'une ordonnance rendue par un juge et il ne s'y est pas présenté (520(5), 521(5));*

(f) there are reasonable grounds to believe that the accused has contravened or is about to contravene the (summons or appearance notice or promise to appear *or* undertaking *or* recognizance) on which he was released (524(1), 525(5), 679(6));
*il y a des motifs raisonnables de croire que le prévenu a violé ou est sur le point de violer (sommation ou citation à comparaître ou promesse de comparaître ou une promesse ou un engagement) en raison duquel ou de laquelle il a été mis en liberté (524(1), 525(5), 679(6));*

(g) there are reasonable grounds to believe that the accused has since his/her release from custody on (any summons or appearance notice or promise to appear *or* an undertaking *or* a recognizance) committed an indictable offence (524(1), 525(5), 679(6));
*il y a des motifs raisonnables de croire que, depuis sa mise en liberté sur (toute sommation ou citation à comparaître ou promesse de comparaître ou une promese ou un engagement), le prévenu a commis un acte criminel (524(1), 525(5), 679(6));*

* Initial applicable recital.
*Parapher l'attendu qui s'applique.*

Locked Down Date: February 24, 2006 10:40 AM
CCO-7-475-1 (rev. 07/04) (posted 13/08/04) mCHARGE (12/04)

## WARRANT FOR ARREST WITH OPTIONAL AUTHORIZATION TO ENTER A DWELLING HOUSE
## *MANDAT D'ARRESTATION AVEC AUTORISATION FACULTATIVE D'ENTRER DANS UNE MAISON D'HABITATION*

Form / *Formule* 7
Sections / *Articles* 475, 493, 597, 800, and / *et* 803
of the *Criminal Code / du Code criminel*

## AUTHORIZATION TO ENTER A DWELLING HOUSE
## *AUTORISATION POUR ENTRER DANS UNE MAISON D'HABITATION*

[And where applicable] Whereas there are reasonable grounds to believe that the accused is or will be present in
*[S'il y a lieu] Attendu qu'il y a des motifs raisonnables de croire que le prévenu se trouve ou se trouvera dans*

..........................................................................................
(here describe dwelling-house / *décrire ici la maison d'habitation* )

..........................................................................................

This warrant is also issued to authorize you to enter the dwelling-house for the purpose of arresting or apprehending the accused at any time
*Le présent mandat est également décerné pour vous autoriser à entrer dans la maison d'habitation en vue d'arrêter ou d'appréhender le*

between the hour of ............ a.m./p.m., on the ............ day of ............................ yr. ............
*prévenu à tout moment entre h de l'avant-midi/après-midi du jour de an*

and the hour of ............ a.m./p.m., on the ............ day of ............................ yr. ............
*et h de l'avant-midi/après-midi du jour de an*

subject to the condition that you may not enter the dwelling-house unless you have, immediately before entering the dwelling-house, reasonable grounds to believe that the person to be arrested or apprehended is present in the dwelling-house.
*Toutefois, vous n'avez pas le droit d'entrer dans la maison d'habitation à moin d'avoir, immédiatement avant d'y entrer, des motifs raisonnables de croire que la personne devant être arrêtée ou appréhendée se trouve dans la maison d'habitation.*
[And where applicable] Whereas there are reasonable grounds to believe that prior announcement of the entry would ***
*[S'il y a lieu] Attendu qu'il y a des motifs raisonnables de croire que le fait de prévenir avant de pénétrer dans la maison d'habitation :****

(a) expose the peace officer or any other person to imminent bodily harm or death;
*exposerait l'agent de la paix ou toute autre personne à des lésions corporelles imminentes ou à la mort;*

or / *ou*

(b) result in the imminent loss or imminent destruction of evidence relating to the commission of an indictable offence.
*entraînerait la perte ou la destruction imminente d'éléments de preuve relatifs à la perpétration d'un acte criminel.*

This warrant is also issued to authorize you to enter the dwelling-house without prior announcement, subject to the condition that you may not enter the dwelling-house without prior announcement unless you have, immediately before entering the dwelling-house, ***
*Le présent mandat est également décerné pour vous autoriser à entrer dans la maison d'habitation sans prévenir. Toutefois, vous n'avez pas le droit d'entrer dans la maison d'habitation sans prévenir à moins d'avoir, immédiatement avant d'y entrer, ****

(a) reasonable grounds to suspect that prior announcement of the entry would expose the peace officer or any other person to imminent bodily harm or death
*des motifs raisonnables de soupçonner que le fait de prévenir de l'entrée dans la maison d'habitation exposerait l'agent de la paix ou toute autre personne à des lésions corporelles imminentes ou à la mort ;*

or / ou

(b) reasonable grounds to believe that prior announcement of the entry would result in the imminent loss or imminent destruction of evidence relating to the commission of an indictable offence.
*des motifs raisonnables de croire que le fait de prévenir avant de pénétrer dans la maison d'habitation entraînerait la perte ou la destruction imminente d'éléments de preuve relatifs à la perpétration d'un acte criminel.*

The authorization to enter the dwelling house for the purpose of arresting or apprehending the accused shall be carried out in accordance with following terms and conditions:
*L'autorisation d'entrer dans la maison d'habitation dans le but d'arrêter ou d'appréhender le prévenu sera exécutée conformément aux conditions suivantes :*

..........................................................................................
(conditions to be specified / *conditions à préciser*)

..........................................................................................

DATED this ............ day of ............................, yr. ............
*FAIT ce jour de an*

at the ..........................................................................
*à(au)*

of ..........................................................................
*de*

In the Province of Ontario / *dans la province de l'Ontario*

______________________________
Judge, or Justice of the Peace / *Juge ou juge de paix*

*** Choose applicable recital.
*Choisir l'attendu qui s'applique.*

CCO-7-475-1 (rev. 07/04) (posted 13/08/04) *INCHARGE (12/04)*

Exhibit 17

# WINDSOR POLICE SERVICE
# BOOKING SUMMARY REPORT

Printed On: [illegible]
Printed By: [illegible], LAUREL
Total Page(s): [illegible]

## MASTER INFORMATION

Master Name: SCOTT, JEVON ANTOINE
Master DOB: 1973-02-09
FPS Number:
Criminal ID: 22619
WPS #:
Photo Number #: 67673
KO #: 97027



## BOOKING INFORMATION

Booking Name: SCOTT
Given 1: JEVON
Given 2: ANTOINE
Given 3:
Given 4:

Booking Date: 2001-04-26
Arrest Date: 2001-04-26
SID: 1018391
Date of Birth: 1973-02-09

## ADDRESS INFORMATION

Address: 19965 COOLEY
City: DETROIT
Province/State: MICHIGAN
Country:
Code/ZIP:
Phone: 313-535-5459

## PHYSICAL CHARACTERISTICS

Sex: MALE
Race: NON-WHITE
Race Description: BLACK
Weight: 82
Height: 180
Hair: BLACK
Eye Colour 1: BROWN
Eye Colour 2:
Eye Defect:
Facial Hair Colour:
Complexion: MEDIUM
Speech:
Marital Status:
Teeth: STRAIGHT
Ears:
Blood Type:

## IMMIGRATION INFORMATION

Date Of Entry:
Identifier:
Port Of Entry:
Country Of Birth: UNITED STATES
City of Birth: DETROIT

CHARGES

Exhibit "I"

Name Scott, Jevon Antoine

Alias 67873

WPS

PIN

MALE / ~~FEMALE~~



Taken By [signature] #3027

Date 26-April 2001

Herald 54779

**IDENTIFICATION BRANCH**
**WINDSOR POLICE SERVICE**
WINDSOR, ONTARIO
CANADA