UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**IN THE MATTER OF**

**THE EXTRADITION OF**

**JEVON ANTOINE SCOTT**

CASE NO. 2:06-MJ-50595

HON. GEORGE CARAM STEEH

______________________________/

**MEMORANDUM OF LAW IN OPPOSITION TO BOND**

NOW COMES THE UNITED STATES OF AMERICA, acting at the request of and as the agent of the Government of CANADA, by STEPHEN J. MURPHY, United States Attorney, and MATTHEW J. SCHNEIDER, Assistant United States Attorney, and urges that the defendant be held without bond pending his extradition to Canada.

1. **BACKGROUND**

Respondent, JEVON ANTOINE SCOTT, was arrested in the Eastern District of Michigan on June 21, 2006, pursuant to a complaint and warrant of arrest issued by United States Magistrate Judge R. Steven Whalen that sought SCOTT's extradition to Canada. SCOTT is wanted by the Canadian authorities to stand trial for the crimes of Sexual Assault and Failure to Appear in Court, in violation of Sections 271 and 145(2)(b) of the Criminal Code of Canada. A warrant for his arrest was issued on February 28, 2006, in the City of Windsor, Ontario. *See Complaint of the United States* ("Complaint") at 33.

SCOTT's extradition is sought by Canada pursuant to its Extradition Treaty with the United States, TIAS 8237 (the "1971 Treaty"), and to federal legislation implementing such treaties, 18 U.S.C. § 3184 *et seq*. Article Two of the Treaty provides for the extradition of persons accused of the crimes punishable by imprisonment of more than one year. Sexual Assault is punishable by imprisonment by more than one year in both Canada and in Michigan. *See* M.C.L. §750.520 *et seq*.; *Criminal Code of Canada* § 271(1)(a).

## 2. THE BAIL REFORM ACT DOES NOT APPLY IN EXTRADITION CASES

The Bail Reform Act does not apply to international extradition, thus, the criteria governing the allowance and the amount of bail in United States criminal cases are not applicable. Instead, the Bail Reform Act applies only to offenses against the United States that are triable in United States courts. *See* 18 U.S.C. §§ 3141, 3142, 3156 (a)(2). Respondent SCOTT is not charged with an "offense" within the meaning of 18 U.S.C. § 3156(a)(2).[1] Rather, he is charged with an offense against the Requesting State, Canada. Therefore, the Bail Reform Act set forth in 18 U.S.C. §§ 3141 *et seq*. is inapplicable.

## 3. THERE IS A PRESUMPTION AGAINST BOND

[1] The term "offense" for the purposes of Section 3141 is defined in 18 U.S.C. § 3156(a)(2) as "any criminal offense...which is in violation of an Act of Congress and is triable in any court established by Act of Congress."

**<u>IN EXTRADITION CASES</u>**

"[I]t is well settled that, unlike the situation for domestic crimes, in foreign extradition cases, there is a presumption *against* bail." *United States v. Hills*, 765 F.Supp 381, 385 (E.D. Mich. 1991) (Rosen, J.) (emphasis original).[2]

The reasons for this presumption against bail in international extradition cases are compelling. A person sought for an extraditable offense is already an international fugitive from justice, and it is reasonable to expect he will flee. Moreover, the fact that he faces an international extradition to a foreign state for a serious charge where his fate is uncertain is itself a strong incentive to flee. In addition, when, as here, the person sought is not a citizen of the requested country, there is more reason to expect flight.

Indeed, it has been long held that bail should be granted in extradition proceedings only under the most unusual circumstances. *Wright v. Henkel*, 190 U.S. 40 (1903). In *Wright*, the United States Supreme Court affirmed the denial of an application for release on bail by a United States citizen accused in Great Britain of fraud. The Court enumerated the factors mitigating against the allowance of bail for an international fugitive:

---

[2] *See also Wright*, 190 U.S. at 63; *Beaulieu v. Hartigan*, 554 F.2d 1 (lst Cir. 1977) (Holding that "Unlike the situation for domestic crimes, there is no presumption favoring bail. The reverse is rather the case."); *In the Matter of the Extradition of Robert Henry Russell*, 805 F.2d 1215 (5th Cir. 1985) (quoting *Beaulieu* verbatim); *Meechaicum v. Fountain*, 696 F.2d 790, 792 (10th Cir. 1983); *United States v. Leitner*, 784 F.2d 159, 160 (2nd Cir, 1986); *Salerno v. United States*, 878 F.2d 317, 318 (9th Cir. 1989).

> The demanding government, when it had done all that the treaty and the law require it to do, is entitled to the delivery of the accused on the issue of the proper warrant, and the other government is under obligation to make the surrender; an obligation which it might be impossible to fulfill if release on bail were permitted. The enforcement of the bond, if forfeited, would hardly meet the international demand; and the regaining of the custody of the accused obviously would be surrounded with serious embarrassment.

190 U.S. at 62.

The Supreme Court's holding in *Wright* has been uniformly interpreted to permit bail to be granted only where "special circumstances" are present, completely apart from whether the fugitive represents a good bail risk. *See, e.g., In re Mitchell*, 171 F. 289, 290 (S.D.N.Y. 1909) (Learned Hand, J.: "The power should be exercised only in the most pressing circumstances, and when the requirements of justice are absolutely peremptory"); *In re Klein*, 46 F.2d 85 (S.D.N.Y. 1930) (noting the "grave risk of frustrating the efforts of the executive branch of the government to fulfil treaty obligations").

## 4. **THE RESPONDENT'S REQUEST FOR BOND SHOULD BE DENIED**

Respondent can neither overcome the presumption that he be held without bail nor nor show any special circumstances warranting his release. The evidence before this Court shows that Respondent is both extremely dangerous and is likely to flee (again) to avoid prosecution in Canada.

On May 14, 2000, Respondent violently raped Katrina Simonato at

Simonato's apartment in Windsor, Ontario. *See Complaint* at 24-25. During this brutal altercation, Respondent and his co-conspirator forcefully held down Simonato's arms and neck while raping her. After the Canadian Centre of Forensic Science confirmed that the DNA found in Simonato's apartment matched Respondent's DNA, Respondent was Indicted for Sexual Assault and released on bond from the Ontario Court of Justice. *See Complaint* at 26, 42. On October 21, 2002, Respondent failed to appear for trial in Canada, and a warrant was issued for his arrest. He was charged with Failure to Appear in Court. *See Complaint* at 45.

Respondent should be held without bond for several reasons. First, Respondent committed a heinous crime in Canada and then fled to the United States to avoid prosecution. He is a danger to the community and he cannot be trusted to control his criminal conduct. Second, Respondent has no ties to Canada and he has no incentive to appear before the Canadian authorities. He has plainly ignored the Crown's requirement to appear for trial. Third, Respondent has an incentive to flee because he faces a significant penalty if convicted. The punishment for committing Sexual Assault in Canada is up to 10 years imprisonment. *See Criminal Code of Canada* at Section 271(1)(a). The penalty for Failure to Appear in Court is up to two years imprisonment. *See Criminal Code of Canada* at Section 145(2). Fourth, while forfeiture of bail in domestic criminal cases is designed to compensate, at least in part, the court that is seeking the accused's presence for trial, forfeiture of bail in an international extradition case caused by the failure of an extraditee to appear for a hearing would leave the

demanding country, Canada, with neither remedy nor compensation. Finally, Respondent's release on bail would have negative implications for American foreign policy in cases where the United States seeks extradition of fugitives from Canada.

## 5. **CONCLUSION**

For the above reasons, the UNITED STATES and CANADA respectfully request that Respondent's request for bond be denied.

Respectfully submitted,

STEPHEN J. MURPHY
United States Attorney

s/MATTHEW J. SCHNEIDER

Assistant United States Attorney
United States Department of Justice
211 West Fort Street
Detroit, MI 48226
Matthew.schneider3@usdoj.gov
(313) 226-9188
P62190

Dated: June 23, 2006